UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KEVIN DAMION CRICHLOW,                                      :
                                                            :
                                Plaintiff,                  :        12-cv-7774 (NSR)
        -against-                                           :        OPINION & ORDER
                                                            :
COMMISSIONER BRIAN FISCHER, et al.,                         :
                                                            :
                                Defendants.                 :
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

        Kevin Damion Crichlow ("Plaintiff"), proceeding *pro se*, initiated this action against

approximately 120 parties connected to his incarceration in the custody of the New York State

Department of Corrections and Community Supervision ("DOCCS"), including Commissioner

Brian Fischer, various correctional officers, DOCCS employees, medical care providers, and

others (collectively, "Defendants"). Plaintiff alleges a host of claims, including claims arising

under 42 U.S.C. § 1983, for violations of the First, Fourth, Fifth, Sixth, Eight, and Fourteenth

Amendments; the Rehabilitation Act of 1973 and the Americans with Disabilities Act; 42 U.S.C.

§ 1981 and the Thirteenth Amendment; 42 U.S.C. § 1985; and NY state law. Plaintiff filed an

amended complaint on June 17, 2013.

        Before the Court are three motions filed by Plaintiff: (1) a motion for leave to file a

second amended complaint; (2) a motion for a preliminary injunction; and (3) a motion for an

extension of time in which to file a second amended complaint. For the reasons that follow, all

three of Plaintiff's motions are DENIED. In addition, several named Defendants are dismissed

*sua sponte*, and Plaintiff is ordered to show cause as to why this matter, as to the remaining

defendants, should not be transferred to the Western District of New York.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/2015

Copies mailed/faxed 2/13/2015 @
Chambers of Nelson S. Román, U.S.D.J.

## I.    BACKGROUND

Plaintiff initiated this action on October 16, 2012. (ECF No. 1.) His original Complaint contained over 160 pages, named 114 defendants, and set forth allegations from his incarceration at four different facilities. Plaintiff was directed by the Court on March 19, 2013, to file an amended complaint because his original complaint violated Rules 8 and 10 of the Federal Rules of Civil Procedure. (ECF No. 6.) The Court also questioned whether venue in this district is proper, as the majority of the claims asserted arose in other districts, but declined to resolve the issue at such an early stage in the proceedings. (*Id.* at 6-8.) Plaintiff filed his amended complaint on June 17, 2013. (ECF No. 12.) The Amended Complaint is nearly 140 pages long, names over 120 defendants, and contains similar pleading deficiencies.

It is difficult to determine what Plaintiff's claims or allegations are, as the Amended Complaint reads like a stream of consciousness the length of a short novel, covering approximately four years' worth of events of all sorts and citing long strings of statutes and cases; the original Complaint is in much the same shape, as are the various Complaints filed in the Plaintiff's previous case, No. 11 Civ. 883.[1] To the extent that the Court can discern, Plaintiff's claims cover a variety of complaints related to his incarceration, including claims related to denial of medical care, assault, asbestos removal in a correctional facility where he was

---

[1] Plaintiff has asserted at various stages that this case is related to a prior case that he filed in the Southern District of New York, No. 11 Civ. 883, which was dismissed on December 22, 2011. His request to consolidate this complaint with the one filed in the prior case was denied on April 11, 2013. (ECF No. 8.). In her order dismissing Plaintiff's prior case (No. 11 Civ. 883), Judge Forrest noted that the Plaintiff's original complaint was 300 pages long and named 96 individuals as defendants; after he was ordered to amend his complaint so that it complied with Rule 8, Plaintiff submitted an amended complaint that was 170 pages long and named 122 defendants. In September 2011, Plaintiff was provided one final opportunity to amend his complaint to bring it into compliance with Rule 8 and he failed to do so, resulting in the dismissal of his case without prejudice. *See Crichlow v. Fischer*, No. 11 Civ. 883, Order of Dismissal, ECF No. 28 (S.D.N.Y. Dec. 22, 2011). A review of the various complaints filed in these two cases shows that many of the defendants in this case overlap with the prior case, as do at least some of the allegations, such as those regarding denial of adequate medical care and denial of accommodations for his hearing disability.

housed, denial of special diets and exercise, denial of accommodations related to his hearing disability, and retaliation for the filing of grievances.

## II.   MOTION TO AMEND PLEADINGS

Plaintiff, by motion filed May 15, 2014,[2] seeks leave to file a second amended complaint in order to add two defendants and substitute the estate of a deceased defendant.

### a.  Legal Standard

A party may amend a pleading once as a matter of course or at any time before trial with leave of the court.  Fed. R. Civ. P. 15(a)(1)–(2).  If a party seeks leave to amend a pleading, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). This does not, however, mean that parties should always be allowed to amend their pleadings. "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party."  *State Teachers Ret. Bd. v. Fluor Corp*, 654 F.2d 843, 856 (2d Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact."  *AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) (quoting *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001)); *accord Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile if it "could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). Thus, a court should deny a motion to amend if

---

[2] Plaintiff submitted two additional letters, filed on June 13 and July 2, 2014, before Defendants filed their opposition to the instant motion. These were docketed as letters in further support of the motion, and the Court also considered arguments made in those letters. Much of the contents of these letters, however, was irrelevant to the instant motion.

it does not contain enough factual allegations, accepted as true, to state a claim for relief that is "plausible on its face." *Riverhead Park Corp. v. Cardinale,* 881 F.Supp.2d 376, 379 (E.D.N.Y. 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)) (denying motion to add claims as futile). While *pro se* plaintiffs are held to less stringent standards, "even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). It is important to note that "pleading is not an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges." *In re Merrill Lynch Ltd. P'ships Litig.*, 7 F. Supp. 2d 256, 276 (S.D.N.Y. 1997). The court's "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

### b.  Analysis

Plaintiff seeks to amend his pleadings to add two named defendants—C.O. Wardynski and Wende's former Grievance Supervisor Northrup—because the Amended Complaint contains allegations and claims directed at them, but these individuals are not currently named defendants and thus have not been served. (ECF No. 140; *see also* ECF No. 12.) The allegations made in the Amended Complaint regarding C.O. Wardynski concern statements made by the C.O. and

4

"bullying" that Plaintiff alleges he received at the hands of Wardynski. Accepting as true the facts pleaded in the Amended Complaint, it appears that C.O. Wardynski called Plaintiff a derogatory term, acted aggressively towards him, did not give Plaintiff a "shake-awake" alarm when he told Wardynski that he "need[ed] my Reasonable-Accommodation [sic]," and told Plaintiff to "get the f*** outer [sic] his face" when Plaintiff told him that he needed emergency access to his legal papers. (ECF No. 12 ¶¶ 152-154, 159-161.) As to former Grievance Supervisor Northrup, there are two allegations made—one a general statement that the grievance department was not properly issuing grievance numbers for his grievance complaints, and the other an allegation that on March 16, 2012, Northrup stated that Plaintiff was receiving his Jewish Alternative Diet to cover up wrongdoing by the cooks. (ECF No. 12 ¶¶ 109, 213.)

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the direct or personal involvement of each defendant in the alleged constitutional deprivation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). There is no *respondeat superior* or vicarious liability in a Section 1983 action. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Plaintiff has not specifically alleged any personal involvement by Grievance Supervisor Northrup in the handling of grievance complaints; rather, Northrup's name simply appears in a list of grievance department staff alleged to have mishandled Plaintiff's complaints. The Amended Complaint does not allege any personal involvement on the part of Northrup himself, and thus this claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6). To the extent that Plaintiff might be raising a due process claim against Northrup for allegedly not following DOCS grievance procedures, he has not asserted that he was deprived of any substantive liberty interest and thus his claim fails as a matter of law. *See Brown v. Graham*, 470 Fed. App'x 11, 13 (2d Cir. 2012).

5

As to the other allegations made against Northrup, Plaintiff also fails to state a plausible claim. It appears from the Amended Complaint that Plaintiff alleges Grievance Supervisor Northrup, by stating that Plaintiff was receiving a Jewish alternative diet even though he was not, prevented him from receiving his alternative diet on March 16, 2012. Such a claim would arise under Section 1983 as a violation of Plaintiff's free exercise rights under the First Amendment. Generally, an inmate is entitled to a reasonable accommodation of his religious beliefs, including religious dietary beliefs. *See Jackson v. Mann*, 196 F.3d 316, 320 (2d Cir. 1999). "[P]rison officials must provide a prisoner a diet that is consistent with this religious scruples." *Bass v. Coughlin*, 976 F.2d 98, 99 (2d Cir. 1992) (*per curiam*). Plaintiff, however, has only alleged Northrup's participation in a single incident in which he was denied a kosher meal; without more, any involvement by Northrup is *de minimis* and does not rise to the level of a substantial burden on Plaintiff's religious freedom. *See Brown v. Graham*, 470 Fed. App'x 11, 15 (2d Cir. 2012) (holding that failure to provide kosher meal on single occasion did not rise to level of substantial burden on inmate's religious freedom).

Plaintiff's amended complaint appears to assert a retaliation claim against C.O. Wardynski—namely, that Wardynski retaliated against Plaintiff for filing grievances by bullying him. "To plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013); *see also Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001). Plaintiff has not alleged that he had a protected First Amendment right at issue, and he has only alleged that C.O Wardynski knew about his grievances, not that the C.O.'s actions were motivated or caused by them. Plaintiff stated that

6

C.O. Wardynski told him he received a call from two other correctional officers saying that Plaintiff liked to write up C.O.s, but there are no allegations that Plaintiff filed a grievance against Wardynski himself or that Plaintiff's filing of grievances against officers in general was a motivating factor in Wardynski's bullying of Plaintiff. In addition, for the third element, a plaintiff must show "either that his speech has been adversely affected by the government retaliation or that he has suffered some other concrete harm." *Dorsett*, 732 F.3d at 160. The bullying appears to have essentially consisted of C.O. Wardynski cursing at Plaintiff on several occasions and acting aggressively towards him. Plaintiff has not alleged that he suffered a concrete harm or that his speech was chilled; in fact, he appears to have continued filing grievances against other DOCCS staff.

Plaintiff's proposed amendments to his pleadings would be futile, because the allegations against C.O. Wardynski and Grievance Supervisor Northrup are insufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6). Thus, Plaintiff's motion for leave to amend his complaint is denied.

## III.    SUBSTITUTION OF DEFENDANT SENIOR COUNSELOR WILLIAM'S ESTATE

Plaintiff further seeks, in his motion to amend his complaint, substitution of the estate of Defendant S.D.U. Senior Counselor William. The Court considers this request as a motion for substitution under Rule 25(a)(1). "[C]ontrolling precedent indicates that a section 1983 claim would survive a defendant's death under New York law." *Barrett v. U.S.*, 651 F. Supp. 604, 606 (S.D.N.Y. 1986); *accord Young v. Patrice*, 832 F. Supp. 721, 724 (S.D.N.Y. 1993) (holding that prisoner had right to pursue Section 1983 claim against estate of deceased correctional officer sued in his personal capacity). Under Rule 25, "[a] motion to substitute, together with a notice of

hearing, must be served on the parties . . .  and on nonparties as provided in Rule 4 . . . [and a] statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3). Such a motion must be made "within 90 days after service of a statement noting the death" or else the action against the decedent must be dismissed. Fed. R. Civ. P. 25(a)(1). "The true successor of [the defendant] for the purposes of this action is [the defendant's] estate, and the executor of the estate is the proper party to be substituted as a successor." *Young*, 832 F. Supp. at 725; *accord Swiggett v. Coombe*, No. 95 Civ. 4916, 2003 WL 174311, at *2 (S.D.N.Y. Jan 27, 2003) ("It is well-settled that when a defendant in a § 1983 action dies, who has been sued in his individual capacity, the proper party to substitute is the successor of the deceased or the representative of his estate.").

Plaintiff has not identified the estate representative who would step into the shoes of Senior Counselor William if substituted, and no statement of death has yet been served or filed in this case. Thus, Plaintiff's time to properly file a motion for substitution has not yet run. His current motion, however, violates Rule 25 because the non-party estate representative who would be substituted as a defendant has not been served with Plaintiff's motion. It appears from the docket that counsel for the defendants who have been served was also served with the summons and complaint purportedly on behalf of Senior Counselor William's estate (*see* ECF No. 152), but the actual estate representative who would be substituted as a defendant has not been served. Service of a motion to substitute on the government's attorney after the death of a correctional officer is not effective service on the estate of an officer, as a nonparty, in a civil rights action; personal service on the estate representative is required. *See Giles v. Campbell*, 698 F.3d 153, 158 (3d Cir. 2012); *accord Ransom v. Brennan*, 437 F.2d 513 (5th Cir. 1971) (holding that court lacked personal jurisdiction over executrix when motion to substitute was filed only on

deceased's attorney, not executrix personally); *Atkins v. City of Chicago*, 547 F.3d 869, 874 (7th Cir. 2008) (holding that motion to substitute filed without serving the personal representative of the deceased's estate was "a nullity").

Thus, Plaintiff's motion for substitution is denied, without prejudice to refiling at a later date, for failure to follow the procedure set forth in Rule 25 and Rule 4. As a statement noting death has not yet been served, the 90-day time period to file and serve a motion for substitution at a later time has not yet begun to run.

## IV.    MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, by motion filed July 30, 2014, requests that this Court issue a preliminary injunction in the form of an order directing:

> Defendants, their successors, agents, employees, and all persons acting in concert with them to provide plaintiffs [sic] and other inmates in the administrative segregation R.M.U. S.H.U. access to respound [sic] back to boths [sic] federal courts and states courts and stop retaliatedions [sic] and assaults also mishandling of grievances and access to pen, supplies, materials, books, copys [sic], and also notary.

Plaintiff's Motion for Preliminary Injunction at 6.

### a.   Legal Standard

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). In the Second Circuit, a party seeking a preliminary injunction "must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of New York*,

9

626 F.3d 47, 52-53 (2d Cir. 2010); *see also Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009). Where a party seeks a mandatory injunction that "alter[s] the status quo by commanding some positive act," such as in this case, that party must meet an even higher standard. *Tom Doherty Associates, Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995). The moving party must establish a "'clear' or 'substantial' likelihood of success," or show that "extreme or very serious damage" would result in the absence of preliminary relief. *Id.* at 34.

### b.  Analysis

As an initial matter, Plaintiff lacks standing to seek a preliminary injunction on behalf of "other inmates in the administrative segregation R.M.U. S.H.U." because this is not a class action. *See, e.g., Khalil v. Laird*, 353 Fed. App'x 620, 621 (2d Cir. 2009) (summ. order) (prisoner proceeding pro se "is not empowered to proceed on behalf of anyone other than himself"); *accord Davis v. Wall*, 50 F.3d 1033 *2 n.3 (5th Cir. 1995); *Hamm v. Grosse*, 15 F.3d 110, 112 (8th Cir. 1994); *Doe v. Selsky*, 841 F. Supp. 2d 730, 733 (W.D.N.Y. 2012). Thus, the Court construes Plaintiff's motion as requesting an injunction only on behalf of himself.

Plaintiff seeks a mandatory injunction "commanding some positive act," and thus must meet the higher standard for a preliminary injunction—he must establish a clear or substantial likelihood of success or show that extreme or very serious damage would result in the absence of the requested injunction. Plaintiff has not alleged or established that extreme or very serious damage would result if the Court declined to issue an injunction, and thus the Court looks to the first part of the standard—likelihood of success.

In order to succeed on a Section 1983 claim for a constitutional violation, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Because

personal involvement of each defendant is a required element of a Section 1983 claim, Plaintiff

cannot show likelihood of success as to many of the defendants named in this case. First, many

of the defendants named in the caption are not named in any part of the complaint itself, and thus

no allegations of personal involvement as to these defendants have been made and Plaintiff's

Section 1983 claims against them fail. In addition, Plaintiff fails to allege *specific* facts regarding

violations by most of the defendants named, even if their names appear somewhere within the

text of the complaint. Conclusory allegations of constitutional violations without factual

underpinnings are not sufficient to prevail on a Section 1983 claim.

It is unclear whether Plaintiff is suing each Defendant in his or her individual or official

capacity, with the exception of Commissioner Brian Fischer of DOCCS, who is listed as a

defendant in both capacities. It is well-established that New York has not consented to Section

1983 suits in federal court, *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40

(2d Cir. 1977), and that Section 1983 was not intended to override a state's sovereign immunity,

*Quern v. Jordan*, 440 U.S. 332, 340-42 (1979).  A Section 1983 claim against a New York state

official in his official capacity is thus deemed to be a suit against the state of New York,

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), and the Eleventh Amendment precludes any

such claim. To the extent that Plaintiff asserts claims against various Defendants in their official

capacities, he cannot establish the likelihood of success necessary for an injunction.

As to his specific complaints against individual defendants, Plaintiff cannot establish a

clear or substantial likelihood of success on most of his claims. First, to the extent that Plaintiff

alleges that he is being denied access to the courts, the mere limitation of access to legal

materials, without more, does not rise to the level of a constitutional violation. "[T]o establish a

constitutional violation based on a denial of access to the courts, a plaintiff must show that the

defendant's conduct was *deliberate and malicious*, and that the defendant's actions resulted in *actual injury* to the plaintiff." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (emphasis added) (citing *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)). "To show actual injury, the plaintiff must demonstrate that the defendant's conduct frustrated the plaintiff's efforts to pursue a nonfrivolous claim." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). "To state a claim that his constitutional right to access the court was violated, plaintiff must allege facts demonstrating that defendants deliberately and maliciously interfered with his access to the courts, and that such conduct materially prejudiced a legal action he sought to pursue." *Smith v. O'Connor*, 901 F. Supp. 644, 649 (S.D.N.Y. 1995); *see also Ramsey v. Goord*, 661 F. Supp. 2d 370, 401 (W.D.N.Y. 2009). Plaintiff's Amended Complaint and moving papers are silent as to any actual injury incurred and there are, at most, only conclusory suggestions that the denial was malicious or deliberate. His proposed amendments do not change this conclusion. Plaintiff's failure to allege a key element of a denial of access claim means that he cannot establish a clear or substantial likelihood of success on the merits.

Second, Plaintiff cannot, as a matter of law, prevail on a claim that the defendants are unlawfully withholding documents because he cannot afford to make copies. An inmate does not have a constitutional right to free copies. *See Collins v. Goord*, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006) ("[A]n inmate has no constitutional right to free copies and prison regulations that limit access to such copies are reasonably related to legitimate penological interests.") (citations and internal quotation marks omitted). This claim also cannot support a preliminary injunction.

Third, Plaintiff alleges that he has been denied access to documents covered by his Freedom of Information Law ("FOIL") requests. Though not a part of his Amended Complaint,

Plaintiff sets forth this claim in his moving papers; he does not, however, provide any evidence other than conclusory statements regarding the failure of Wende Correctional Facility to turn over such documents. In fact, it appears that Plaintiff was advised that there were no responsive documents to his FOIL requests. (*See* Def.'s Opp'n Pl.'s Mot. Prelim. Inj. Ex. A.) There thus appears to be no merit to Plaintiff's claim.

Finally, Plaintiff has failed to sufficiently establish a clear or substantial likelihood of success as to his various other claims. Preliminary injunction requests are "frequently denied if the affidavits [in support of the motion] are too vague or conclusory to demonstrate a clear right to relief under Rule 65." *Malki v. Hayes*, No. 11 Civ. 5909, 2012 WL 32611, at *8 (E.D.N.Y. Jan. 5, 2012) ("Plaintiff's allegation that 'he will be irreparably harmed by all kinds of threats of harassment, intimidate, and stiff punishment' absent an injunction is speculative.") (citation omitted). Plaintiff has not pled specific facts to establish a clear or substantial likelihood of success as to the overwhelming majority, if not all, of the defendants. Lists of statutes and cases, many of which are not binding on this Court, are not persuasive without factual allegations as to the violations that occurred and the personal involvement of each defendant. The changes that Plaintiff seeks to make in his proposed second amended complaint do not change this conclusion.

Conclusory allegations lacking supporting evidence will not support a preliminary injunction. *See Hancock v. Essential Resources, Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). The only evidence submitted by Plaintiff in support of his motion consists of medical records, most of which are irrelevant to the current claims. Plaintiff has not demonstrated a clear or substantial likelihood of success or shown that extreme or very serious damage would result in the absence of preliminary relief.

Thus, he is not entitled to injunctive relief at this time and the motion is denied.

## V.   MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT

Plaintiff also submitted a motion to the Court requesting an extension of time in which to file his second amended complaint, citing injuries that cause him additional pain when he handwrites legal documents. This motion is denied as moot because Plaintiff's motion to amend his complaint is denied, as discussed above.

## VI.   VENUE

The Court alerted Plaintiff in its March 19, 2013, Order that "he may be directed to show cause why this matter should not be transferred for the convenience of parties and witnesses and in the interests of justice" under 28 U.S.C. § 1404(a). (ECF No. 6 at 8.) At that time, the Court questioned whether this matter should be litigated in this District, as the "vast majority of his claims arose in other districts." (ECF No. 6 at 7.) The events giving rise to this action occurred in four different correctional facilities, only one of which is located in the Southern District of New York—Downstate Correctional Facility, at which Plaintiff spent only 120 days out of the several years' worth of allegations covered in his pleadings.

Under 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts look to several factors to determine whether transfer would be appropriate: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based

14

on the totality of the circumstances. *Keitt v. New York City*, 882 F. Supp. 2d 412 (S.D.N.Y. 2011) (citing *DealTime.com, Ltd. v. McNulty*, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000)). While a plaintiff's choice of forum is accorded some deference, it receives less consideration when the plaintiff does not reside in the chosen forum and the operative facts did not occur there. *See Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690, 694 (S.D.N.Y. 1994). Plaintiff was confined at Wende Correctional Facility, which lies in the Western District, at the time of filing this action. It appears that Plaintiff was recently relocated to Sullivan Correctional Facility, which lies in the Southern District, but this does not suddenly make the Southern District the appropriate venue for this case. Because Plaintiff is incarcerated, his current location is of little logistical import, and most of the other factors—the convenience of witnesses, the convenience of the parties, the locus of operative facts, the location of relevant documents and the relative ease of access to sources of proof, and trial efficiency—weigh heavily in favor of transferring the case to the Western District of New York, as the district in which most of the events alleged in this matter occurred.

Additionally, the venue requirement "serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." *Shariff v. Goord*, No. 03 Civ. 7664, 2005 WL 2087840, at *6 (S.D.N.Y. Aug. 26, 2005) (quoting *Leon C. Baker, P.C. v. Bennett*, 942 F. Supp. 171, 175 (S.D.N.Y. 1996)) (internal quotation marks and citation omitted). The Defendants in this case are state officials. "State officers 'reside' in the district where they perform their official duties." *Holmes v. Grant*, No. 03 Civ. 3426, 2006 WL 851753, at *21 (S.D.N.Y. Mar. 31, 2006) (citing *Amaker v. Haponik*, 198 F.R.D. 386, 391 (S.D.N.Y. 2000)). As far as the Court can discern from the Amended Complaint, all (or

nearly all) of the Defendants "perform their official duties" in either the Western District or Northern District of New York. Plaintiff does not allege that any of the Defendants "reside" in the Southern District.

Thus, the Court orders Plaintiff to show cause by March 13, 2015, as to why this case should not be transferred to the Western District of New York. If Plaintiff fails to do so, his case may be dismissed or transferred.

## VII.    DISMISSAL OF SOME DEFENDANTS

A district court "shall dismiss" a case initiated by a *pro se* plaintiff *sua sponte* if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Vicarious liability principles do not apply in a Section 1983 case, and thus a complaint must contain well-pleaded allegations that *each* government-official defendant, through that person's *individual* actions, violated the Constitution.  *Iqbal*, 556 U.S. at 676; *see also Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983").  Where, as here, the caption of the complaint is the only reference to certain individual defendants, any Section 1983 claims against those defendants cannot withstand even the most generous facial review under Rule 12(b)(6) or 28 U.S.C. § 1915A.

Several named Defendants are thus *sua sponte* dismissed from this case, because the Amended Complaint contains no reference whatsoever to them outside of the case caption, and Plaintiff has made no factual allegations as to any personal involvement on their part in any violation of his rights. They are listed in the caption as follows:

- Sticht, Deputy Supt. of Security

16

- Ms. Crowley, Deputy Supt. of Programs
- Mr. Powell, M.H.V. Unit Chief
- Ms. Watkins, Senior Counselor
- A. Anzel, Sensorial Disabled, A.D.A.
- C.O. Michael Lucas
- Lt. Timothy Pilneilein
- Hall Sergeant Michael Skelly
- Head Cook Ward Bonds
- Bryan Bradt, Instructor for the Blind, S.D.U.
- Cook Carol Caldwell
- C.O. True
- C.O. Hodge
- C.O. Phipps
- Virginia Bluff, Physician Assistant and Infection Control Nurse
- Nurse Nicole White
- Lieutenant Randall Ziolkowski
- C.O. Bryant Allen
- Sergeant Anthony Sindoni
- Diane Toporek
- Nurse Administrator Joyce Vesnia
- Mario Malvarosa, M.D.
- G. Cognilio, M.D.
- C.O. Jacobs, 12/15/2009 7:25 AM
- Sergeant Barker
- Sgt. Linda Evans
- Sgt. Timothy Lewalski
- G. Turbush, Deputy Supt. of Programs
- C.O. Gibbs
- S.H.U. C.O. M. Anderson
- C.O. K. Eckowski, also known as Eckowski
- C.O. Coppadimis
- Lieutenant Bauman
- Schoonmaker
- Denise M. Faizon, R.N.
- Nurse Biaveit, C.C.N.p.

In addition, several more named Defendants are *sua sponte* dismissed from this case, because they appear in the caption more than once (sometimes with spelling variations, but clearly the same people from the text of the amended complaint itself), and their inclusion multiple times is redundant. The duplicates are listed in the caption as follows:

17

- Superintendent John Doe
- Grievance Supervisor Terry Houk
- Biaveit, C.C.N.P. Nurse Administrator
- Deputy Supt. of Security
- Lt. R. Freeman, threatened to set me up or beat me up at 11:00 AM
- P. Griffin, Deputy Super of Security
- Sergeant B. Lightfeld
- C.O. D. Wilson
- K. Sklosarska
- C.O. Babcock
- John Does, S.H.U. OM on or about 11/10/11 Destroyed my Second Amended Complaint Case No. 11cv883 (CM)

Finally, some of the John Doe and Jane Doe Defendants are *sua sponte* dismissed from this case. Under *Valentin*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997). The Plaintiff, however, must provide sufficient information to allow an unknown defendant to be identified, and Plaintiff has failed to do so for at least some of the unknown defendants in this case. They are listed in the caption as follows:

- Doctor John Doe
- Doctor Jane Doe
- C.O. John Doe, S.D.V. 7-3
- C.O. John Doe, S.D.V. 7-3
- Jane Doe, S.D.U.
- John Doe

This is now the second time that these (or substantially similar) claims have been filed against many of these defendants,[3] and the Amended Complaint in this case appears to be at least the fourth iteration of many of the same claims (across the two cases). Plaintiff is admonished that the continued filing of frivolous or nonexistent claims, and the continued use of the U.S. Marshalls to serve defendants who are not even named within the allegations themselves, is an unacceptable waste of judicial resources.

---

[3] See the discussion of Plaintiff's prior case, No. 11 Civ. 883, in note 1, *supra*.

## VIII.  CONCLUSION

For the foregoing reasons, the Plaintiff's motion to amend his complaint is DENIED; Plaintiff's motion for a preliminary injunction is DENIED; and Plaintiff's motion for an extension of time in which to file his seconded amended complaint is also DENIED. The Clerk of Court is respectfully directed to terminate the motions at Docket Nos. 140, 146, and 151.

In addition, the Clerk of Court is respectfully directed to dismiss the Defendants listed above in Section VI, Dismissal of Some Defendants (on pages 16-18 of this Opinion), from this case.

Finally, Plaintiff is ordered to show cause by March 13, 2015, as to why this matter should not be transferred to the District Court for the Western District of New York, as to the remaining defendants.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: February 13, 2015                                    SO ORDERED:
       White Plains, New York

                                            _____
                                            NELSON S. ROMÁN
                                            United States District Judge