UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN CRICHLOW,

                         Plaintiff,

  -against-

DR. ELLEN YOUSSEF, SUPERINTENDENT
OF DOWNSTATE JOHN DOE, and GRIEVANCE
PROGRAM DIRECTOR JOHN DOE,

                         Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/2021

12 cv 7774 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Kevin Crichlow ("Plaintiff") filed the instant action *pro se* on October 16, 2012 against approximately 120 parties connected to his incarceration in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), including Doctor Ellen Youssef, Superintendent of Downstate John Doe, and Grievance Program Director John Doe (collectively, "Defendants"). Plaintiff alleges a host of claims, including claims arising under 42 U.S.C. § 1983, for violations of the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments; the Rehabilitation Act of 1973 and the Americans with Disabilities Act; 42 U.S.C. § 1981 and the Thirteenth Amendment; 42 U.S.C. § 1985; and New York state law.

On April 28, 2015, the Court transferred the action to the United States District Court for the Western District of New York. (ECF No. 168.) On March 16, 2017, United States District Judge Elizabeth Wolford remanded the action back to this Court as to the three Defendants. (ECF No. 169.) On May 19, 2021, this Court issued an Order to Show Cause directing Plaintiff to show cause in writing on or before June 18, 2021 why his claims against Defendants should not be dismissed. (ECF No. 170.) After receiving no response from Plaintiff, this Court issued an Order

dismissing the case without prejudice. (ECF No. 171.)

On July 21, 2021, the Court received a letter from Plaintiff purporting to be a motion for reconsideration. (ECF No. 172.) The Court issued an endorsement directing Defendants to respond to Plaintiff's motion by August 5, 2021. (ECF No. 173.) Defendants did not respond. On August 26, 2021, the Court issued an endorsement setting a briefing schedule for Plaintiff's motion to vacate the dismissal. (ECF No. 175.) On September 30, 2021, the Court received Plaintiff's motion to vacate the dismissal under Rule 60(b), which was unopposed. (ECF No. 177.)

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Rule is supposed to strike a balance "between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d. Cir. 1986). As the Second Circuit has cautioned Rule 60(b) provides "extraordinary judicial relief" to be granted "only upon a showing of exceptional circumstances." *Id*. at 61. The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Beacon Assoc. Litig*., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place*

*Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)).

Since "a default judgment is 'the most severe sanction which the court may apply,'" when "ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal citations omitted).

Here, Plaintiff is currently incarcerated, and claims that he did not receive the Court's May 19, 2021 Order to Show Cause. (ECF No. 172 at 1-2.)[1] The Court interprets this to be an argument for excusable neglect under the statute. In a default judgment context, the Second Circuit has outlined the following considerations in evaluating a motion seeking relief for excusable neglect: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996)).

Here, the Court holds that Plaintiff's claim that he never received the Court's Order to Show Cause is excusable neglect under Rule 60(b), and that granting the motion will prevent manifest injustice. As all doubts must be resolved in his favor, the Court finds that Plaintiff did not willfully fail to respond to the Order to Show Cause. Further, while there has been a long period of time since this action was transferred back to this Court, Defendants have not shown that they will be prejudiced by setting aside the default, as they failed to oppose Plaintiff's motion.

Therefore, Plaintiff's motion to vacate the dismissal is GRANTED. The Clerk of the Court is respectfully directed to reopen the action as to Defendants Doctor Ellen Youssef, Superintendent of Downstate John Doe, and Grievance Program Director John Doe. The parties are directed to

---

[1] While Plaintiff makes this claim in his initial letter to the Court and not in his motion to vacate the dismissal, the Court will still consider it as "the Second Circuit affords incarcerated pro se litigants particular consideration with regard to complying with formalities." *Banks v. Annucci*, 9:14-CV-340 (LEK/DEP), 2017 WL 4357464, at *3 (N.D.N.Y. Sept. 29, 2017).

appear for a telephonic status conference on December 3, 2021 at 3:00 PM.  It is Defendants' responsibility to make prior arrangements with the appropriate facility to have Plaintiff participate via telephone.  To access the telephonic conference, please follow these instructions: (1) Dial the meeting number: (877) 336-1839; (2) enter the Access Code: 1231334#; (3) press pound (#) to enter the conference as a guest.

    The Clerk of Court is directed to terminate the motions at ECF Nos. 172 & 177, mail a copy of this order to *pro se* Plaintiff at the address on ECF, mail a copy of this order to the New York State Attorney General's Office at 28 Liberty St. NY, NY 10005, and show service on the docket.

Dated:  November 12, 2021  
         White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge